UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FREDERICK O. SILVER,<br><br>              Plaintiff,<br><br>v.<br><br>STATE OF NEVADA,<br><br>              Defendant. | Case No. 3:21-CV-00420-CLB[1]<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING THE ACTION**<br><br>[ECF Nos. 1, 1-1] |

Before the Court is Plaintiff Frederick O. Silver's ("Silver") application to proceed *in forma pauperis*, (ECF No. 1), and his *pro se* civil rights complaint, (ECF No. 1-1). For the reasons discussed below, the Court denies the application to proceed *in forma pauperis*, (ECF No. 1), and dismisses the proposed complaint.

I.    **LEGAL STANDARD**

Prior to ordering service on any defendant, the court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

---

[1]    This case was assigned to the undersigned pursuant to General Order 2021-03. (ECF No. 3.) Silver further consented to the undersigned's jurisdiction. (ECF No. 4.)

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

## II. DISCUSSION

On December 2, 2020, United States District Judge Gloria M. Navarro deemed Silver a vexatious litigant. *Silver v. Clark County Nevada*, 2:20-CV-00682-GMN-VCF, (D. Nev. Dec. 2, 2020). Judge Navarro's Order stated that future complaints filed by Silver with the Court would be subject to prescreening. Further, the Report and Recommendation, which was accepted and adopted in full by Judge Navarro's Order, stated that Silver would be required to seek leave of Court before filing any additional actions. Taking both the Order and Report and Recommendation together, it appears Silver did not comply with the Order.

On September 17, 2021, Silver filed the instant action without first obtaining leave of Court. Further, a prescreening of the complaint shows that the only named defendant—the State of Nevada—is immune from suit, as it is a sovereign state and therefore not a "person" amenable to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, this action is not appropriately filed in this Court and the complaint fails on its face. Because the only defendant named in this action is immune from suit, further amendment would be futile, and this action is dismissed with prejudice. *See Cato*, 70 F.3d at 1106.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Silver's *in forma pauperis* application (ECF No. 1) is **DENIED**; and

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**, and the Clerk shall enter judgment and close the case.

**IT IS SO ORDERED.**

DATED: November 9, 2021.

_____
UNITED STATES MAGISTRATE JUDGE